UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK E. FREITAS<br><br>    Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant | C.A. NO. 15-13493-ADB<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

## NATURE OF THE CASE

1.  Plaintiff Mark E. Freitas brings this action against defendant JPMorgan Chase Bank for wrongful foreclosure of real property. Chase had offered to accept a deed in lieu of foreclosure and waive any deficiency. Although Freitas accepted the offer, Chase, in violation of the agreement, conducted the foreclosure sale of the property. Accordingly, Freitas brings claims against Chase for breach of contract, promissory estoppel, negligent misrepresentation, and violation of G.L. c. 93A, § 11.

## PARTIES

2.  Plaintiff Mark E. Freitas ("Freitas") is a natural person with a principal residence in Palm Beach, Florida. He owned the real property at issue, located at 24 Pocomo Road, Nantucket, Massachusetts 02554 ("the property").

3.  Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with principal offices located at 1111 Polaris Parkway, Columbus, Ohio 43240. Chase is the owner and servicer of Freitas's mortgage.

1

## COMMON FACTS

4. Freitas's property is a vacation rental property located on Nantucket. Freitas purchased the property at issue in 2005 for $9 million.

5. In 2007, Freitas refinanced his mortgage with a loan from Chase for $9.45 million. The loan had an adjustable interest rate that started at 6.125% and adjusted every 12 months beginning in October 2012.

6. Freitas fell behind on his mortgage in or around December 2013 due to changes in his financial circumstances after separating from his prior company.

7. He then engaged in numerous discussions with Chase representatives about a short sale or providing a deed in lieu of foreclosure.

8. A deed in lieu of foreclosure is where a homeowner gives title to real property back to the mortgagee-bank rather than go through foreclosure proceedings. *See* 28 Mass. Prac., Real Estate Law § 10.32 (4th ed.) ("When the value of the real estate is considerably less than the balance due on the mortgage, it may be beneficial to both the mortgagor and mortgagee to agree to a conveyance of the real estate by a deed in lieu of foreclosure in exchange for a forgiveness of the debt secured by the mortgage.").

9. On December 30, 2014, a Chase representative from the deed-in-lieu department named Julio Alejo called Freitas to offer a deed in lieu of foreclosure. Alejo stated that he was calling on a recorded line. Alejo offered, on behalf of Chase, to write off and forgive any remaining amounts due under the note if Freitas would turn title to the house back over to Chase.

10. Alejo said that in order for Freitas to accept the offer, he had fax a letter indicating his acceptance and including a listing agreement by the end of that same day, December 30, 2014, in order to show that the house had previously been listed for sale.

11. Relying on Alejo's statement, Freitas promptly faxed a letter to Alejo at Chase accepting the offer and stating in relevant part:

> To Whom It May Concern:
>
> Please let this serve as confirmation that I am accepting the deed in lieu of foreclosure for my property at 24 Pocomo Road, Nantucket, MA 02554-4238.
>
> Per our discussion, upon JPMorgan Chase's acceptance of the deed in lieu of foreclosure on this property, the referenced loan will be deemed to be fully satisfied, and I shall have no further obligations in respect of such loan for unpaid interest, unpaid principal, fees or otherwise.
>
> Finally, I have attached the last listing brokerage agreement on the property.
>
> Sincerely,
>
> [Signature]
>
> Mark E. Freitas

(**Exhibit 1**.)

12. When Freitas sent the fax on December 30, 2014, he relied on Alejo's statement that Chase would write off or forgive the balance. Freitas also provided the listing agreement, a private contract between himself and the realtor, a document which Chase otherwise had no right to obtain.

13. In reliance on Chase's promise to accept a deed in lieu, and believing that Chase was finalizing the paperwork for the transaction, Freitas changed his position by

3

ceasing engage in other efforts to obtain a workout, short sale, or other alternative to foreclosure.

14. Alejo's statements were the principal reason that Freitas so promptly sent his acceptance. Moreover, it was reasonable for Freitas to rely on Alejo's statements because Alejo represented himself as working in Chase's deed-in-lieu department.

15. Chase breached the agreement shortly thereafter, however. A female Chase representative called Freitas about the status of the deed in lieu. She informed him that Chase now would *not* treat the loan as satisfied, and instead demanded a $3 million payment from him to finalize the deed in lieu.

16. Freitas asked this Chase representative if she would review the recording of his call with Alejo. The representative told him that she did review the recording with her manager, but that Chase still would not honor the original offer to treat the loan as satisfied. She now characterized the call as a "marketing call."

17. Chase, by its foreclosure attorneys, then published a notice of foreclosure sale in the Nantucket Inquirer and Mirror, scheduling a foreclosure for July 30, 2015 and sent Freitas a letter notifying him of the same. (**Exhibit 2**.) In the foreclosure notice, Chase also stated its intention to seek a deficiency after the foreclosure of any remaining balance not satisfied by the foreclosure sale proceeds.

18. By sending the foreclosure notice, Chase materially misrepresented its right to foreclose, at it already had an agreement with Freitas to accept a deed in lieu of foreclosure. Furthermore, Chase misrepresented its right to collect the deficiency, as the agreement with Freitas was also that no deficiency would be sought.

19. During this time, Freitas had been attempting to arrange millions of dollars in business financing. Due to the publication of the foreclosure notice, however, the lender notified Freitas on July 13, 2015 that, due to the foreclosure notice, the financing was being withdrawn.

20. Ultimately, Chase conducted the foreclosure on July 30, 2015, selling the property to a third party.

21. Chase now claims that Freitas is indebted to it in the amount of the approximately $4.4 million deficiency.

22. Since the foreclosure sale, Chase has unfairly deceptively denied that the promises of its representative, Alejo, were binding.

23. In addition to the loss of financing, Freitas suffered other damages, including damage to his reputation, emotional distress, and accompanying physical symptoms. The foreclosure now is listed both as a public record and on his credit report, affecting his business interests and ability to obtain credit.

## COUNT I:
## Breach of Contract

24. The preceding allegations are hereby incorporated by reference.

25. On December 30, 2014, Juan Alejo of Chase made an offer to Freitas to accept a deed in lieu of foreclosure in exchange for satisfaction of any balance due under the loan.

26. Freitas accepted the offer by performing what Chase asked of him. He provided the requested letter of acceptance and listing agreement with his broker.

27. Freitas was willing and able to perform under the agreement, but Chase has breached the agreement and foreclosed on the property. Chase now demands a $4.4 million deficiency.

28. Freitas was damaged as a result of Chase's breach as described throughout this complaint.

## COUNT II:
### Promissory Estoppel

29. The preceding paragraphs are hereby incorporated by reference.

30. Chase's representative, Alejo, made a promise to Freitas that Chase would accept a deed in lieu of foreclosure without requiring any deficiency, in satisfaction of the balance, as described in more detail above.

31. Chase's promise induced action and forbearance by Freitas, as he sent the requested documentation and acceptance, and gave up other options for working out other arrangements to avoid foreclosure.

32. Chase has breached its promise and instead foreclosed on the property, damaging Freitas as described throughout this complaint.

33. Injustice can only be avoided by enforcing Chase's promise.

## COUNT III:
### Negligent Misrepresentation

34. The preceding paragraphs are hereby incorporated by reference.

35. In the course of servicing Freitas's mortgage, Chase supplied him with false or misleading information about what it was willing to do with respect to a deed in lieu of foreclosure.

36. Freitas justifiably relied on that information to his detriment. Chase has foreclosed rather than provide the promised deed in lieu and release of the deficiency.

37. Freitas has been damaged as described throughout the complaint.

## COUNT IV:
## G.L. c. 93A, § 11

38. The preceding paragraphs are hereby incorporated by reference.

39. Chase is engaged in trade or commerce in Massachusetts.

40. Freitas is also engaged in trade or commerce in Massachusetts.

41. Chase committed unfair and deceptive acts and practices against Freitas as described throughout the complaint.

42. Freitas was damaged by Chase's unfair and deceptive conduct.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Mark E. Freitas requests the following relief:

a) Equitable temporary, preliminary, and permanent injunctive relief enjoining the foreclosure of his real property;

b) Actual, compensatory, and consequential damages;

c) Costs, interest, and attorney fees;

d) Multiple and/or punitive damages; and

e) All other relief available at law or in equity.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issue so triable.

Respectfully submitted,

                                            Plaintiff,
                                            Mark E. Freitas,
                                            By counsel,

                                            /s/ *Josef C. Culik*
                                            Josef C. Culik (BBO #672665)
                                            CULIK LAW PC
                                            225 Franklin St., 26th Floor
                                            Boston, MA 02110
                                            (617) 830-1795
                                            jculik@culiklaw.com
July 15, 2016


## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2016.

                                            /s/ *Josef C. Culik*
                                            Josef C. Culik

# EXHIBIT 1

# MARK E. FREITAS

## FACSIMILE

DATE: December 30, 2014  FAX No.: 1-866-220-4130

TO: CHASE BANK  PAGES: Six (6) including Cover
Deed in Lieu Dept.
ATTN: JULIO ALEJO

FROM: Mark E. Freitas

RE: 24 POCOMO ROAD, NANTUCKET, MASSACHUSETTS 02554-4238
Loan Number: 1080601740

# MARK E. FREITAS

December 30, 2014

Chase Bank
Deed in Lieu Department
Attention: Julio Alejo
*By Fax 1-866-220-4130*

      RE: 24 Pocomo Road, Nantucket, Massachusetts 02554-4238
           Loan Number 1080601740

To Whom It May Concern;

Please let this serve as confirmation that I am accepting the deed in lieu for my property at 24 Pocomo Road, Nantucket, MA 02554-4238.

Per our discussion, upon JPMorgan Chase's acceptance of the deed in lieu of foreclosure on this property, the referenced loan will be deemed to be fully satisfied, and I shall have no further obligations in respect of such loan for unpaid interest, unpaid principal, fees or otherwise.

Finally, I have attached the last listing brokerage agreement on the property.

Sincerely,

*[signature]*
Mark E. Freitas


ISLAND PROPERTIES
*Real Estate / Investments*

# NANTUCKET ASSOCIATION OF REAL ESTATE BROKERS
# AGREEMENT FOR EXCLUSIVE RIGHT TO SELL

### This is a legally binding contract. If not understood, seek legal advice.

Date: April 15, 2014

In consideration of the mutual covenants and agreements contained herein, the undersigned owner(s) ("Seller"), or their authorized legal representative, hereby lists the property hereinafter described ("the Property"), with the undersigned Listing Broker ("Listing Broker") and grants to the said Listing Broker the Exclusive Right to Sell the property for he price and on the terms as set forth herein:

Listing Broker(s): Island Properties, Inc.

Property Location: 24 Pocomo Road Nantucket, MA as found on Tax Map 14, Parcel(s) 73.

For Owner's Title see C0022045, Nantucket County Registry of Deeds.

You are authorized to offer this property Unfurnished at the price of $6,995,000.00.

This agreement shall begin on April 18, 2014 and end on October 18, 2014.

Time is of the essence hereof. During the listing period, Seller shall refer all inquiries and offers to purchase the property to the Listing Broker. Should the property be sold by anyone (including the Seller) during the listing period for a price agreeable to the Seller(s), then, Seller agrees to pay the listing broker a fee for professional services ("Commission") equal to 5 percent of the selling price.

If within six (6) months of the expiration of the listing period, including any extensions (the protection period), the property is sold, conveyed, or otherwise transferred to any person or entity who has been shown or introduced to the property prior to final expiration of this agreement, it shall therefore be due from Seller the Commission set forth above but, at no time, shall the Seller be obligated to pay more than the Commission stated herein.

If Listing Broker causes the exercise of a right of first refusal (written or oral) or option to purchase the property, Listing Broker is to receive the commission set forth above upon the transfer of title.
In the event the Listing Broker shows the property in cooperation with a licensed real estate agent who is representing a prospective Buyer, the Seller authorizes the Listing Broker to compensate the agent of any prospective Buyer, in an amount to be determined by the Listing Broker, payable out of the Commission paid by the Seller.

Listing Broker agrees to use reasonable efforts to procure a Buyer for said property, ready, willing and able to purchase the same in accordance with the price, terms and conditions of this Agreement. The Broker shall use such efforts to advertise and circulate the offering of this property as in the Broker's judgment is proper, including, but not limited to, circulating the listing among all NAREB Members. Advertising shall be at the expense of the Broker.
Seller hereby acknowledges receipt of an Agency Disclosure, as required by law, from the Listing Broker.

The information provided to Listing Broker has been furnished by the Seller and / or other sources. The Seller has reviewed said information carefully and states that the information is true and correct and that the Seller has the legal authority to convey the Property. Seller will disclose any defects in the property, keep the property in showable condition, provide show clauses in all leases and accept the following contingencies in the purchase and sale agreement: (1) Home inspection, including insect & pest inspection and inspection for lead paint. (2) Water quality and quantity (for houses with wells). (3) Occupancy Certificate for home and any additions done to home. If there is an outstanding building permit, Seller agrees to arrange or take whatever steps are necessary to have an Occupancy Certificate issued by the Building Department prior to or at closing.
The following contingencies are required by law: (1) Lead Paint disclosures for houses built prior to 1978. (2) As built septic plan, if applicable. (3) U.F.F.I Certificate.

This agreement may only be terminated by mutual agreement in writing between Seller and Listing Broker. *This Agreement supersedes all others and the Seller(s) warrant that the property is not presently listed Exclusively or otherwise with another real estate office or broker as of the date of this Agreement.*
In Witness whereof the Seller and the Broker have hereunto set their hands and seals as of Day ___ of April, 2014.

SELLER: _____   BROKER: _____
Mark E. Freitas                                                      Michael J. O'Mara

# TYPES OF AGENCY REPRESENTATION

## SELLER'S AGENT

A seller can engage the services of a real estate agent to sell his property (called the listing agent) and the real estate agent is then the agent for the seller who becomes the agent's client. This means that the real estate agent represents the seller. The agent owes the seller undivided loyalty, reasonable care, disclosure, obedience to lawful instruction, confidentiality and accountability, provided, however, that the agent must disclose known material defects in the real estate. The agent must put the seller's interests first and negotiate for the best price and terms for their client, the seller. (The seller may authorize sub-agents to represent him/her in marketing its property to buyers, however the seller should be aware that wrongful action by the real estate agent or sub-agents may subject the seller to legal liability for those wrongful actions).

## BUYER'S AGENT

A buyer can engage the services of a real estate agent to purchase property and the real estate agent is then the agent for the buyer who becomes the agent's client. This means that the real estate agent represents the buyer. The agent owes the buyer undivided loyalty, reasonable care, disclosure, obedience to lawful instruction, confidentiality and accountability, provided, however, that the agent must disclose known material defects in the real estate. The agent must put the buyer's interests first and negotiate for the best price and terms for their client, the buyer. (The buyer may also authorize sub-agents to represent him/her in purchasing property, however the buyer should be aware that wrongful action by the real estate agent or sub-agents may subject the buyer to legal liability for those wrongful actions).

## (NON-AGENT) FACILITATOR

When a real estate agent works as a facilitator that agent assists the seller and buyer in reaching an agreement but does not represent either the seller or buyer in the transaction. The facilitator and the broker with whom the facilitator is affiliated owe the seller and buyer a duty to present each property honestly and accurately by disclosing known material defects about the property and owe a duty to account for funds. Unless otherwise agreed, the facilitator has no duty to keep information received from a seller or buyer confidential. The role of facilitator applies only to the seller and buyer in the particular property transaction involving the seller and buyer. Should the seller and buyer expressly agree a facilitator relationship can be changed to become an exclusive agency relationship with either the seller or the buyer.

## DESIGNATED SELLER'S AND BUYER'S AGENT

A real estate agent can be designated by another real estate agent (the appointing or designating agent) to represent either the buyer or seller, provided the buyer or seller expressly agrees to such designation. The real estate agent once so designated is then the agent for either the buyer or seller who becomes their client. The designated agent owes the buyer or seller undivided loyalty, reasonable care, disclosure, obedience to lawful instruction, confidentiality and accountability, provided, however, that the agent must disclose known material defects in the real estate. The agent must put their client's interests first and negotiate for the best price and terms for their client. In situations where the appointing agent designates another agent to represent the seller and an agent to represent the buyer then the appointing agent becomes a dual agent. Consequently a dual agent cannot satisfy fully the duties of loyalty, full disclosure, obedience to lawful instructions which is required of an exclusive seller or buyer agent. The dual agent does not represent either the buyer or the seller solely only your designated agent represents your interests. The written consent for designated agency must contain the information provided for in the regulations of the Massachusetts Board of Registration of Real Estate Brokers and Salespeople (Board). A sample designated agency consent is available at the Board's website at www.mass.gov/dpl/re.

## DUAL AGENT

A real estate agent may act as a dual agent representing both the seller and buyer in a transaction but only with the express and informed consent of both the seller and buyer. Written consent to dual agency must be obtained by the real estate agent prior to the execution of an offer to purchase a specific property. A dual agent shall be neutral with regard to any conflicting interest of the seller and buyer. Consequently a dual agent cannot satisfy fully the duties of loyalty, full disclosure, obedience to lawful instructions which is required of an exclusive seller or buyer agent. A dual agent does, however, still owe a duty of confidentiality of material information and accounting for funds. The written consent for dual agency must contain the information provided for in the regulations of the Massachusetts Board of Registration of Real Estate Brokers and Salespeople (Board). A sample dual agency consent is available at the Board's website at www.mass.gov/dpl/re.

agency disclosure-exclusive agency5.doc

18.

# MASSACHUSETTS CONSENT TO DUAL AGENCY

A real estate broker or salesperson may act as a dual agent who represents both prospective buyer and seller with their informed written consent. A dual agent is authorized to assist the buyer and seller in a transaction, but shall be neutral with regard to any conflicting interest of the buyer and seller. Consequently, a dual agent will not have the ability to satisfy fully the duties of loyalty, full disclosure, reasonable care and obedience to lawful instructions, but shall still owe the duty of confidentiality of material information and the duty to account for funds.

Buyers and sellers should understand that material information received from either client that is confidential may not be disclosed by a dual agent, except: (1) if disclosure is expressly authorized; (2) if such disclosure is required by law; (3) if such disclosure is intended to prevent illegal conduct; or (4) if such disclosure is necessary to prosecute a claim against a person represented or to defend a claim against the broker or salesperson. This duty of confidentiality shall continue after termination of the brokerage relationship.

## BUYER/SELLER ACKNOWLEDGMENT

I acknowledge and agree that _Michael O'Mara / Ed Gillum_ {insert name of licensee]] is (are) authorized to represent both the buyer and seller as a dual agent. I hereby consent to dual agency.

X _[signature]_      MARK FREITAS     4/15/14
Signature of Buyer / Seller     Print Name     Today's Date
[circle one]

_____     _____     _____
Signature of Buyer / Seller     Print Name     Today's Date
[circle one]

## BROKER/SALESPERSON ACKNOWLEDGMENT

I acknowledge and agree to represent the above named consumer as a dual agent and my signature below signifies that I understand the duties and responsibilities of that relationship, and explained to the consumer that I am a dual agent and therefore will assist the buyer and seller in a transaction, but shall be neutral with regard to any conflicting interest of the buyer and seller.

_[signature]_     #128502     4/15/14
Signature of Broker/Salesperson     License Number     Today's Date

13.

## MASSACHUSETTS MANDATORY LICENSEE-CONSUMER RELATIONSHIP DISCLOSURE

This disclosure is provided to you, the consumer, by the real estate agent listed on this form. Make sure you read both sides of this form. The reverse side contains a more detailed description of the different types of relationships available to you. This is not a contract.

**THE TIME WHEN THE LICENSEE MUST PROVIDE THIS NOTICE TO THE CONSUMER:**

All real estate licensees must present this form to you at the first personal meeting with you to discuss a specific property. The licensee can represent you as the seller (Seller's Agent) or represent you as the buyer (Buyer's Agent) and also can assist you as a facilitator.

**CONSUMER INFORMATION AND RESPONSIBILITY:**

Whether you are the buyer or seller you can choose to have the advice, assistance and representation of your own agent who works for you. **Do not assume that a real estate agent works solely for you unless you have an agreement for that relationship.** With your consent, licensees from the same firm may represent a buyer and seller in the same transaction. These agents are referred to as dual agents.

Also a buyer and seller may be represented by agents in the same real estate firm as designated agents. The "designated seller or buyer agent" is your sole representative. However where *both* the seller and buyer provide written consent to have a designated agent represent them then the agent making such designation becomes a "dual agent" for the buyer and seller. All real estate agents must, by law, present properties honestly and accurately. They must also disclose known material defects in the real estate.

The duties of a real estate agent do not relieve the consumers of the responsibility to protect their own interests. If you need advice for legal, tax, insurance or land survey matters it is your responsibility to consult a professional in those areas. Real Estate agents do not have a duty to perform home, lead paint or insect inspections nor do they perform septic system, wetlands or environmental evaluations.

### RELATIONSHIP OF REAL ESTATE LICENSEE WITH THE CONSUMER

(check one)   X Seller's agent   ___ Buyer's agent   ___ Facilitator

IF A SELLER'S OR BUYER'S AGENT IS CHECKED ABOVE COMPLETE THE SECTION BELOW:

Relationship with others affiliated with _Island Properties  #8291_
(Print name of real estate firm or business and license number)

(Check one)   ___ The real estate agent listed below, the real estate firm or business listed above and all other affiliated agents have the same relationship with the consumer named herein (**seller or buyer agency, not designated agency**).

X Only the real estate agent listed below represents the consumer named in this form (**designated seller or buyer agency**). In this situation any firm or business listed above and other agents affiliated with the firm or business do not represent you and may represent another party in your real estate transaction.

By signing below I, the real estate licensee, acknowledge that this disclosure has been provided timely to the consumer named herein

_[signature]_    _Michael O'Mara_    _#128502_    _4/15/14_
(signature of real estate agent)   (Printed name of real estate agent)   (License Number/Type)   (Today's Date)

_Ed Gillum_    _#9026348_    _4/15/14_

By signing below I, the consumer, acknowledge that I have received and read the information in this disclosure.

X _[signature]_    _MARK FREITAS_    _4/15/14_
(Signature of consumer)   (Printed name of consumer)   (Today's Date)

_____    _____    _____
(Signature of consumer)   (Printed name of consumer)   (Today's Date)

___ Check here if the consumer declines to sign this notice.

17.

# EXHIBIT 2



# HARMON LAW OFFICES, P.C.
150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304
Business Hours: Monday-Friday 8:00 AM-to 5:30 PM
*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

June 25, 2015

Mr. Mark E. Freitas a/k/a Mark Freitas
201 EL VEDADO RD STE 201
PALM BEACH, FL 33480

## NOTICE OF MORTGAGE FORECLOSURE SALE

Re: JPMorgan Chase Bank, National Association / Freitas, Mark

Pursuant to Massachusetts General Laws, Chapter 244, Section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate. Also enclosed is a Deficiency Notice.

This notice is provided to you because an examination of the record title shows that you held an interest of record in the property thirty (30) days prior to the sale.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 201408-0047, so that we may process your request more quickly.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

JPMorgan Chase Bank, National Association
Present holder of mortgage
By its Attorney,

*Harmon Law Offices, P.C.*

/NRA/201408-0047/Enclosure

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304
Business Hours: Monday-Friday 8:00 AM-to 5:30 PM
*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

June 25, 2015

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:  Mr. Mark E. Freitas a/k/a Mark Freitas
201 EL VEDADO RD STE 201
PALM BEACH, FL 33480

You are hereby notified, in accordance with the statute, of the intention of JPMorgan Chase Bank, National Association, on or after July 30, 2015, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 24 POCOMO RD, NANTUCKET, Massachusetts, said mortgage dated September 19, 2007, and registered with the Nantucket County Registry District of the Land Court as Document No.121693 as noted on Certificate of Title No. 22045, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to JPMorgan Chase Bank, National Association in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

JPMorgan Chase Bank, National Association
By its attorney,

*Harmon Law Offices, P.C.*

/201408-0047

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

## NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Mark E. Freitas a/k/a Mark Freitas to JP Morgan Chase Bank, NA, dated September 19, 2007 and registered with the Nantucket County Registry District of the Land Court as Document No.121693 as noted on Certificate of Title No. 22045, of which mortgage the undersigned is the present holder , for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 12:00 p.m. on July 30, 2015, on the mortgaged premises located at 24 POCOMO RD, NANTUCKET, Nantucket County, Massachusetts, all and singular the premises described in said mortgage,

TO WIT:

That certain parcel of land with the buildings thereon situate at 24 POCOMO ROAD, Nantucket Town and County, Commonwealth of Massachusetts, more particularly bounded and described as follows:

NORTHERLY by Pocomo Road, 338.80 feet;

EASTERLY by Lot 8 as shown on plan hereinafter mentioned, 822.53 feet;

SOUTHERLY by Lot 29 as shown on said plan, 338.42 feet; and

WESTERLY by said Lot 29 and Lot 33, as shown on said plan, 846.39 feet.

All of said boundaries are determined by the Court to be located as shown upon plan numbered 6283-H, Sheet No. 1, drawn by Tibbetts Engineering Corp., Surveyors, dated October 1964 and filed with Certificate of Title No. 5042 at the Registry District of Nantucket County. Said land is shown thereon as Lot 9.

For Grantors' title, see Certificate of Title No. 22045 at said Registry District.

For mortgagor's(s') title see deed registered with Nantucket County Registry District of the Land Court as Document No. 114470, as noted on Certificate of Title No. 22045.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of One Hundred Thousand ($100,000.00 ) Dollars by certified or bank check will

be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at Harmon Law Offices, P.C., 150 California Street, Newton, Massachusetts 02458, or by mail to P.O. Box 610389, Newton Highlands, Massachusetts 02461-0389, within thirty (30) days from the date of sale. Deed will be provided to purchaser for recording upon receipt in full of the purchase price. The description of the premises contained in said mortgage shall control in the event of an error in this publication.

Other terms, if any, to be announced at the sale.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
Present holder of said mortgage

By its Attorneys,
HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA 02458
(617) 558-0500
201408-0047 - PRP